UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTHUR L. STANLEY,<br><br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO, JUDY KENT, THOMAS D. BASMAJIAN, MATT HOLLINGSWORTH, JAMES OZANNE, SELECT PORTFOLIO SERVICING, INC., SPS HOLDING CORP., and HARRIS TRUST AND SAVINGS BANK,<br><br>    Defendants. | Case No. 07-cv-775-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 38) filed by Defendants[1] to which Plaintiff has responded (Doc. 43). For the following reasons, the Court GRANTS the Motion to Dismiss.

### BACKGROUND

Plaintiff Arthur L. Stanley (Stanley) filed a twelve count complaint against Defendants alleging various wrongful acts in regards to Defendants's actions leading up to and resulting in a judicial foreclosure on a mortgage Stanley had taken out on his home (the Foreclosure Action). Stanley modeled his complaint on a complaint filed by the Federal Trade Commission against Fairbanks Capitol Corp, Fairbanks Capitol Holding Corporation, and Thomas D. Basmajian in

---

[1]There is some confusion as to the correct names of and relationships between the defendants named in this suit. However, that issue is not relevant to the disposition of this case. For simplicity sake, the Court will refer to "Defendants" throughout the Order, regardless of which of the various defendants are named in each count.

1

the United States District Court for the District of Massachusetts (the Other Action).

I.      **Judicial Notice of Public Records on Motion to Dismiss**

As a preliminary matter, the Court notes that, on a motion to dismiss, documents outside the pleadings are generally not considered. Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

However, the Seventh Circuit holds that "the district court may also take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment." *Henson c. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir.1994) (quoting *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir.1991)). Accordingly, the Court draws the facts from Plaintiff's complaint, the complaint and consent order and judgment in the Other Action, and the complaint, answer, counter-complaint, and judgment in the Foreclosure Action. The Court views all facts in the light most favorable to Stanley. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

II.     **Facts**

    A.      **The Foreclosure Action**

On October 4, 1996, Stanley took out a mortgage with Citiscape Mortgage Corporation in the principal amount of $28,050.00 for a home located at 2918 Trendley Avenue in East St. Louis, Illinois. At some point, Stanley's mortgage was sold or assigned to Defendants. On August 9, 2000, Stanley defaulted on the mortgage. In 2003, Defendants brought two

complaints for foreclosure of Stanley's mortgage in the Circuit Court of the Twentieth Judicial Circuit of Illinois in St. Clair County. Stanley answered the complaints and raised counterclaims of unfair dealings against Defendants. The actions were consolidated, and on February 7, 2006, an order was entered finding for Defendants and against Stanley on all counts. A judgment of foreclosure and sale was entered in favor of Defendants and against Stanley.

### B. The Other Action

On November 12, 2003, the Federal Trade Commission (FTC) filed a complaint against Fairbanks Capital Corp., Fairbanks Capital Holding Corporation, and Thomas D. Basmajian alleging violations of the Federal Trade Commission Act (FTCA), 15 U.S.C. §§ 45(a), 45(m)(1)(A) and 53(b), the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 *et seq.* and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2605 and 2614. On November 21, 2003, the court in the Other Action entered a stipulated final judgment and order which was to take effect, at the earliest, on November 26, 2003. On September 4, 2007, the court in the Other Action entered a modified stipulated final judgment and order.

### C. The Instant Action

On December 6, 2007, Stanley filed the instant action alleging that Defendants violated the FTCA, the FDCPA, FCRA, RESPA, and the stipulated order and judgment in the Other Action in connection with the servicing, processing, handling and foreclosure of his mortgage.

ANALYSIS

I.      **Standard**

To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not allege detailed facts. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir.2007). However, in order to provide fair notice of the grounds for his claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level." *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007)) (internal quotations omitted). The complaint must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 127 S.Ct. at 1965. The plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir.2007). It is not enough for a complaint merely to avoid foreclosing possible bases for relief, instead "its allegations must plausibly suggest that the plaintiff has a right to relief." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir.2007).

II.     **Plaintiff's Claims**

   A.   **Claims of Violations of Stipulated Order and Judgment in Other Action**

Counts I through VII purport to bring claims of violations of the stipulated order and judgment entered in the Other Action. The order and judgment enjoined the defendants in the Other Action from continuing certain practices related to servicing loans alleged to violate the FTCA, the FDCPA, the FCRA, and the RESPA. Even assuming that Defendants have engaged

in the enjoined practices since entry of the stipulated order and judgment, as Stanley was not a party to the Other Action, he lacks standing to bring any action for violation of its provisions.

B. **FTCA Claims - Counts I through IV**

Counts I through IV of the instant complaint purport to bring FTCA claims for unfair methods of competition against Defendants. However, the Federal Trade Commission has original jurisdiction over FTCA actions, and no private right of action exists under the FTCA. *See* 15 U.S.C. § 45(m)(1)(A); *see also, Atlantic Refining Co. v. Federal Trade Comm'n*, 381 U.S. 357, 367 (1965); *Marquette Cement Mfg. Co. v. Federal Trade Comm'n*, 147 F.2d 589, 594 (7th Cir. 1945); *LaSalle Street Press, Inc. v. McCormick and Henderson, Inc.*, 293 F.Supp. 1004, 1006 (N.D. Ill. 1968), *rev'd on other grounds*. Because no private right of action exists under the FTCA, the parts of Counts I, II, III, and IV that purport to bring FTCA claims fail to state a claim for which relief can be granted. As such, the Court will dismiss with prejudice the FTCA claims in Counts I, II, III, and IV.

C. **Res Judicata - Counts I - V**

In Counts I through V, Stanley alleges that Defendants miscalculated the amount he actually owed on his mortgage by misapplying payments, refusing settlement payments, wrongly assessing fees, and force-placing insurance when he had adequate insurance. These claims are barred by the doctrine of *res judicata* because they were already litigated or could have been litigated in the Foreclosure Action.

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Under the Full Faith and Credit Act, 28 U.S.C. § 1738,

federal courts must give state court judgments the same preclusive effect that those judgments would have in state court. *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir. 2002). In Illinois, *res judicata* applies where: (1) a final judgment was issued on the merits by a court of competent jurisdiction; (2) there is an identity of parties or their privies; and (3) there is an identity of causes of action. *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477 (Ill. 2001). "The bar extends to what was actually decided in the first action, as well as those matters that could have been decided in that suit." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998).

Here, the state court in the Foreclosure Action was a court of competent jurisdiction, and it entered final judgment in the Foreclosure Action. The Foreclosure Action was between the same parties or their privies. Stanley had a full and fair opportunity to raise all of the above claims relating to how much he actually owed Defendants in the Foreclosure Action. In fact, he did raise some of them. At any rate, because *res judicata* precludes relitigating claims that could have been raised as well as those that actually were, Stanley is precluded by the judgment in the Foreclosure Action from relitigating any claims related to the amount he actually owed on his mortgage. Accordingly, the Court will dismiss with prejudice the remaining claims in Counts I, II, III, IV, and V related to the computation of the amount of his mortgage.

      **D.**    **Count V - FDCPA Claim**

Stanley contends that Defendants violated the FDCPA. Stanley merely incorporates the allegations of the FTC in the Other Action into his claims in the instant action and requests relief "to the extent that [Stanley] was a victim [of the violations alleged in the Other Action]."

First, this claim fails to meet the requirements of Rule 8 of the Federal Rules of Civil

6

Procedure in that Stanley never alleges that Defendants actually violated the FDCPA in their dealings with him. Moreover, any action Stanley could bring under the FDCPA is time barred. The FDCPA provides that any civil action to enforce liability under its provisions must be brought within one year from the date on which the violation occurs. 15 USC. § 1692k(d). Although Stanley never alleges when Defendants violated the FDCPA vis a vis his mortgage, any such violation could not have occurred after final judgment was entered in the Foreclosure Action on February 6, 2006. Therefore, any complaint based on the FDCPA must have been initiated by February 6, 2007 in order to be actionable. Stanley did not bring this action until December 6, 2007. Therefore, any action he could bring under the FDCPA is time barred. As such, the Court will dismiss the remainder of Count V with prejudice.

### E. Count VI - FCRA Claim

Count VI purports to bring a claim under the FCRA. Again, Stanley merely incorporates the allegations of the FTC in the Other Action into his claims in the instant action and requests relief "to the extent that [Stanley] was a victim [of the violations alleged in the Other Action]." Nowhere does Stanley allege he was actually injured by the Defendant's actions. Liability for non-compliance with the FCRA is predicated on the plaintiff sustaining "actual damages." 15 U.S.C. §§ 1681o(a) and 1681n. Because the Complaint fails to allege that Stanley suffered any "actual damages," it fails to state a claim for which relief can be granted. Therefore, the Court will dismiss Count VI.

### F. Count VII - RESPA Claim

Stanley contends that Defendants violated RESPA. Once again, Stanley incorporates the allegations of the FTC in the Other Action into his claims in the instant action and requests relief

"to the extent that [Stanley] was a victim [of the violations alleged in the Other Action]." Liability for non-compliance with RESPA is predicated on the plaintiff sustaining "actual damages." 12 U.S.C. § 2605(f)(1). Because the Complaint fails to allege that Stanley suffered any "actual damages," it fails to state a claim for which relief can be granted. Therefore, the Court will dismiss Count VII.

### G. Count VIII- Malicious Prosecution

Stanley contends that Defendants maliciously prosecuted the Foreclosure Action. However, any claim for malicious prosecution is predicated on the termination of the underlying action in favor of the plaintiff. *E.g., Logan v. Caterpillar, Inc.*, 246 F.3d 912, 921-22 (7th Cir.2001) (citing *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996)). Here, Stanley admits in the Complaint that the Foreclosure Action terminated in favor of Defendants. As such, he is unable to state a claim for which relief can be granted. Accordingly, the Court will dismiss Count VIII with prejudice.

### H. Count IX - Abuse of Process

Stanley contends that Defendants engaged in an abuse of process by prosecuting the Foreclosure Action and seeking to enforce the judgment. Under Illinois law, an abuse of process claim requires proof of two elements: (1) the existence of an ulterior motive or purpose in bringing the action; and (2) some act in the use of legal process that is not proper in the regular prosecution of the proceedings. *Kirchner v. Greene*, 691 N.E.2d 107 (Ill.App.Ct.1998). Stanley does not properly plead either element of the claim.

Stanley contends that, because Defendants attempted to settle the claim for less than the full amount of judgment, the Court should infer that the Foreclosure Action was brought for the

improper purpose of harassing Stanley. Although the Court must draw all reasonable inferences in favor of the non-moving party, the inference Stanley urges the Court to draw is not reasonable. Defendants's willingness to settle with Stanley is indicative of nothing more than a business judgment that the costs of seeking to enforce the judgment for the full amount would outweigh the return. The Court cannot infer a purpose to harass from a willingness to forego further litigation. Additionally, Stanley points to no actions of Defendants that could be reasonably construed as "not proper in the regular prosecution of the proceedings." Again, Defendants's mere willingness to settle their claims is neither improper nor irregular. Accordingly, the Court will dismiss Count IX.

### I. Counts X and XI- Abuse of Court Procedure and Intentional Infliction of Emotional Distress

Stanley contends that Defendants abused court procedure in the Foreclosure Action and intentionally inflicted emotional distress on him by initiating the action, filing dispositive motions in the action, propounding discovery requests, moving for sanctions for non-compliance with discovery requests, and "defeating" Stanley's entry of default and default judgment. These claims fail for two reasons.

First, Stanley presented them to the court in the Foreclosure Action. That court found against Stanley and in favor of the Defendants on the claims. As such, they are barred by the doctrine of *res judicata* described above. Second, the actions taken by Defendants to which Stanley objects are the actions that any party might take in the course of civil litigation. Stanley's Complaint equates use of the court procedure with abuse of court procedure and the use of the court system to emotional abuse. As such, he fails to state a claim for which relief can be granted. The Court will therefore dismiss Counts X and XI with prejudice.

### J. Count XII - RICO Claim

Stanley contends that Defendants use of the United States Postal Service in successfully prosecuting the Foreclosure Action, successfully defending an appeal of the Foreclosure Action, "threatening to enforce the judgment," and offering a settlement in lieu of sale of the subject property violate the criminal mail fraud statute, Article III of the United States Constitution, the Illinois Code of Civil Procedure, the Illinois Rules of Professional Responsibility and the Racketeer Influenced and Corrupt Organizations Act (RICO). Of these, only the RICO statute, 18 U.S.C. §§ 1961 *et seq*, offers a private right of action. RICO "is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity." *Gamboa v. Velez*, 457 F.3d 703, 705 (7th Cir. 2006). Nothing alleged in Stanley's complaint could reasonably be construed to constitute organized, long-term, habitual criminal activity. He merely alleges that Defendants should not have proceeded against him in civil court. This is insufficient to state a claim for which relief can be granted. Accordingly, the Court will dismiss Count XII.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants's Motion to Dismiss (Doc. 38). The Court **DENIES as moot** all pending motions. The Clerk of Court is **DIRECTED** to enter judgment accordingly

**IT IS SO ORDERED.**
**DATED: May 9, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**