UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARTHUR L. STANLEY,

    Plaintiff,

v.

SELECT PORTFOLIO, JUDY KENT,
THOMAS D. BASMAJIAN, MATT
HOLLINGSWORTH, JAMES OZANNE,
SELECT PORTFOLIO SERVICING, INC.,
SPS HOLDING CORP., and HARRIS
TRUST AND SAVINGS BANK,

    Defendants.

Case No. 07-cv-775-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Arthur L. Stanley's Motion for Extension of Time to File Notice of Appeal (Doc. 60). Defendants have responded (Doc. 61). For the following reasons, the Court **GRANTS** the Motion.

### BACKGROUND

On May 9, 2008, the Court granted Defendant's motion to dismiss Stanley's amended complaint and entered judgment in favor of Defendants and against Stanley on all claims. Under the Rules of Appellate Procedure, Stanley had thirty days in which to file a notice of appeal in this Court. Fed R. App. P. 4. Because the thirtieth day, June 8, 2008, fell on a Sunday, Stanley had until June 9, 2008, to file a timely notice of appeal. Fed. R. Civ. P. 6. Stanley mailed his Notice of Appeal on Saturday, June 7, 2008. The Notice was filed on June 11, 2008. On June 27, 2008, Stanley filed the instant motion.

### ANALYSIS

Federal Rule of Appellate Procedure 4(a)(5)(A) allows a court to briefly extend the time

to file a notice of appeal if the party seeking to appeal requests the extension within thirty days after the original time period has expired and if the party shows (1) good cause if the motion is filed before the original time period expires, or (2) excusable neglect if the motion is filed later. *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996). If both of these requirements are met, the Court may extend the time to appeal for a period not to exceed either thirty days after the prescribed appeals period or ten days after the Court grants the motion for an extension of time. Fed. R. App. P. 4(a)(5)(C).

Stanley meets the first requirement. Because judgment was entered on May 9, he had until June 9, to file a notice of appeal. Rule 4(a)(5)(A)(i) provides thirty more days, up to July 9, for Stanley to make a motion under that rule. His June 27 motion is therefore timely.

With respect to the second requirement under Rule 4(a)(5)(A), because he filed his motion after his appeal time expired, Stanley must show excusable neglect. Excusable neglect can include omissions through carelessness and mistake. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997) ("excusable neglect" in Rule 60(b) context) (citing *Matter of Bulic*, 997 F.2d 299, 302 (7th Cir. 1993) (bankruptcy context)); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388-89 (1993) (bankruptcy context). A court should determine whether neglect is excusable by weighing the equities, taking into account all of the relevant circumstances including the danger of prejudice to the opposing party, the length of and reason for the delay, the potential impact on judicial proceedings, and whether the negligent party acted in good faith. *Pioneer*, 507 U.S. at 395; *Matter of Bulic*, 997 F.2d at 302. The court has discretion to determine whether neglect is excusable. *Robb*, 122 F.3d at 361. However, ignorance of the law or an inability or refusal to read and comprehend the plain language of

federal rules is not excusable neglect, even if the litigant is proceeding *pro se*. *Prizevoits*, 76 F.3d at 133 (citing *In re Cosmopolitan Aviation Corp*., 763 F.2d 507, 515 (2d Cir. 1985)); *United States v. Dumont*, 936 F.2d 292, 294-95 (7th Cir. 1991); *see Pioneer,* 507 U.S. at 391- 92. Furthermore, although the court should consider the prejudicial effect of the delay in filing, a mere absence of harm does not transform inexcusable neglect into excusable neglect. *McCarty v. Astrue*, 528 F.3d 541, 545 (7th Cir. 2008).

First, Stanley asserts that his Notice of Appeal was timely because there was an "outstanding motion filed on the same date that the Court entered (judgment)." Stanley appears to be contending that Rule 4(a)(4) of the Rules of Appellate Procedure applies to his filing on May 9, 2008, of a response in opposition to Defendants's motion to stay discovery. It does not. First, notwithstanding that Stanley incorrectly styled his filing as a "motion" in opposition, it was, in fact, a response to a motion. The motion to stay discovery itself was rendered moot by the Court's disposition of the underlying case. Additionally, the content of the response was not indicative of one of the motions enumerated in Rule 4(a)(4) that result in extension of the time for filing a notice of appeal. Therefore, Rule 4(a)(4) does not render Stanley's Notice timely.

Stanley also argues that the Court never made a finding that it could assert personal jurisdiction over the Defendants. Defendants waived any defense of personal jurisdiction that they may have had when they failed to raise it. Fed. R. Civ. P. 12(h)(1). Stanley cannot avoid the finality of the judgment entered against him by attempting to strip this Court of jurisdiction via a defense waived by the Defendants.

Finally, Stanley asserts that he inadvertently erred in mailing his Notice of Appeal on June 7, 2008. The Court reads this assertion to mean that Stanley believed that his Notice of

3

Appeal would be considered timely because he had placed it in the mail prior to the expiration of the filing deadline. Stanley was wrong. A paper is filed when it is delivered to the proper official, not when it is placed in the mail. *U.S. v. Lombardo*, 241 U.S. 73, 76-7 (1916). However, the so-call "mailbox rule" announced in *Houston v. Lack*, 487 U.S. 266 (1988), provides that notices of appeal filed by *pro se* prisoners are considered "filed" at the moment of delivery to the prison authorities. While the Court expects attorneys to understand why the unique policy concerns underpinning the *Houston* decision do not support an extension of the mailbox rule to non-incarcerated litigants, the Court understands how the different rules might confuse a *pro se* party. The Court therefore finds that Stanley acted in good faith when he mailed the Notice on June 7. Furthermore, the Court finds that the equities of the case weigh in favor of granting Stanley's motion because the length of the delay was minimal, the reason for the delay was understandable, and the delay did not negatively impact judicial proceedings or prejudice the opposing parties.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Stanley's Motion for Extension of Time to File Notice of Appeal (Doc. 60).

**IT IS SO ORDERED.**
**DATED: July 10, 2008**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**